## Appeal of the Penn Mutual Life Insurance Company.

*Road law—Building restriction—Recession of building flanking a sixteen-foot street—Damages—Statutes.*

The Act of April 21, 1855, P. L. 264, prohibiting the erection of a building to front on a street or alley or court which shall be of less width than twenty feet does not apply to a building which fronts on another street of the designated width, but which extends in length or depth flanking and abutting on the line of a street or alley of a width less than twenty feet. Hence, it follows that a recession in building on such alley does not entitle the receding owner to damages as to portion of land surrendered to the street by such recession.

Argued Dec. 13, 1898. Appeal, No. 200, Jan. T., 1897, by the Penn Mutual Life Insurance Company, from decree of Q. S. Phila. Co., quashing petition for the appointment of road jurors to assess damages. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for appointment of road jurors to assess damages.

It appears from the evidence that the Penn Mutual Life Insurance Company owned in fee certain properties Nos. 921 to 925 Chestnut street with a front on Chestnut street of seventy-seven feet one and one half inches extending in depth northwardly 130 feet, then narrowing to sixty-four feet one and one half inches and extending of that width forty-eight feet, then widening again on the west side to width of sixty-eight feet one and one half inches, and extending of that width forty-four feet to Chant street. That the said premises have a front of ninety-two feet on a twelve-foot street called Kelly street, running along the west side of the premises northward to Chant street. That on erecting its building flanking or fronting Kelly street the petitioner was required in accordance with the act of assembly to abandon to public use a strip on Kelly street four feet wide and forty-four feet long running south from Chant street. And that the said strip of ground has been taken by the city of Philadelphia for use as a public street and that the petitioner is injured.

The situation is shown by the following plan:

The prayer was for the appointment of a jury to assess dam-
ages sustained. After regular continuances the case was ar-
gued and depositions filed and on March 18, 1897, the petition
was quashed and proceedings dismissed, whereupon the peti-
tioner appealed.

*Error assigned* was in quashing the petition and dismissing
the proceedings.

*E. Hunn, Jr.*, for appellant.—The respondent below relied
entirely upon the case of Guarantee Trust and Safe Deposit
Company v. Phila., 30 Leg. Int. 240. Prior to this decision
the law had been understood to be as laid down in the case of
Perry's Court, 30 Leg. Int. 116, by ALLISON, J., with great
force and sound logic. He cites Schultz v. Doak, 4 Phila. 151,
and City v. Michener, decided April 24, 1869, 30 Leg. Int.
1873, p. 116, by BREWSTER, J., in which it was also ruled that
a building erected on the corner of Arch street and Chancery
lane had a front on both streets, and that any other construc-

tion would defeat the evident intent of the law to secure a width of twenty feet on all highways then existing, and of twenty-five feet for all streets, courts or alleys thereafter to be laid out; and he quotes many acts of assembly declaring all streets, lanes, alleys and courts to be public highways and forbidding any street, lane, road, court or alley to be laid out of less width than twenty feet.

Now, when it is remembered that the Supreme Court in the Guarantee Company's case wrote no opinion, but simply dissolved the injunction, the conviction seems to be overpowering that it was influenced solely in its action by the circumstances urged in and peculiar to that case and which have no application here.

In an unreported case (In re Widening of Kelly Street, Ninth Ward), which was precisely similar to this case, and of which the original record is still in the court of quarter sessions of Philadelphia, the last-named court gave adequate damages to William Thomson for a recession of four feet along the front of forty-eight, shown on the plan herein, on the easterly side of Kelly street; so that the very court which granted the damages for that strip of four feet wide forty-eight feet long refuses it for the remainder of the same strip running north forty-four feet long.

*James Alcorn*, assistant city solicitor, with him *Chas. S. Wood* and *Francis L. Wayland*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee.—The main point in this case seems to be the construction to be placed on the word "front" as it appears in the Act of April 21, 1855, P. L. 264. That the word "front" need not be applied to Kelly street but to Chestnut street is well decided: Phila. v. Neumann, 16 Phila. 99. See also In re Gay's Court, 1 W. N. C. 356, Ridgway v. City, 1 W. N. C. 143, and Guarantee T. & S. Dep. Co. v. City, 30 Leg. Int. 240.

OPINION BY WILLIAM W. PORTER, J., March 23, 1899:

The Act of April 21, 1855, P. L. 264, sec. 6, provides, that "No new dwelling or other building within the said city shall front upon any street, alley or court which shall be of less width than twenty feet, or without being made to recede so

that such street, alley or court shall be of that width, the buildings on each side equally receding. The damages for such widening shall be assessed and paid to the owner in manner provided by law in case of opening streets."

This piece of legislation has been before the Supreme Court in the case of Guarantee Trust, etc., Co. v. Philadelphia, 30 Leg. Int. 240, on a contention as to the meaning of the word "front" as used in the act. Precedently, two cases had been decided in the common pleas, In re Perry's Court, 30 Leg. Int. 116, and Philadelphia v. Michener, 30 Leg. Int. 116. The effect of these decisions was to hold that, within the meaning of the act, a building might "front" on more than one street or alley. Both cases were cited to the Supreme Court in Guarantee Trust Company v. Philadelphia, supra. While no opinion is filed in the last named case, yet the report of it indicates that the construction placed by the Supreme Court on the act quoted, was that a building could have but one "front." It was a hearing on appeal from preliminary injunction, but the merits of the cause were involved in, and determined by, the result. In that case the defendants commenced the erection of a building fronting on Chestnut street. One of the sides was on Carpenter's court, which was only fourteen feet and five and one half inches wide. The city of Philadelphia filed a bill to restrain the erection of the building until the defendants receded from their line, so as to make said court twenty feet wide as required by the act of April 21, 1855. The injunction was granted pro forma, but was dissolved on appeal. It is interesting to note that the argument for the appellant was supplemented by an opinion from Hon. Eli. K. Price, whose professional interest in the legislation was well-known. In the report of the case, his opinion (furnished as amicus curiæ), is spread out at length, and contains reasons which doubtless convinced the court and certainly justified the judgment. This case has, I believe, been generally regarded as settling what was before a vexed question, and has been followed by the lower courts in Ridgeway v. Philadelphia, 1 W. N. C. 143, In re Gay's Court, 1 W. N. C. 356, and City v. Neumann, 16 Phila. 99.

It is a judicial precedent decisive of the case before us. Here the Penn. Mutual Life Ins. Company purchased several prop-

erties, and erected a building fronting on Chestnut street and running north to Chant street.    On the westerly side of the rear of the building was Kelly street running out to Chant street. The company, in order to make Kelly street twenty feet wide, receded four feet for a distance of forty-four feet, and on the new line constructed their building.    By the act of 1855, construed as above indicated, their building "fronted" on Chestnut street, and not on Kelly street.    Their act of recession was, therefore, voluntary.    Such a recession cannot be made the basis of a demand for damages from the city.

Judgment affirmed.