## Howard, Appellant, v. Stillwagon.

*Contracts—Rescission—Agreement to sell—Option to declare void—Duty to refund purchase money already paid.*

By a written agreement the plaintiff agreed to buy and the defendants to sell certain property, the purchase money to be paid partly in cash and partly in installments, payable at stated times, with interest, to secure the payment of which the defendants were authorized to enter judgment against the plaintiff for the sum due or to confess judgment in ejectment against him on his failure to pay; the agreement also provided that on default of any payments the agreement should be void, "as it regards the first parties, at their option." Subsequently part payments of the principal were made, together with interest, at times when they were considerably past due, but these were accepted by the appellees without protest. The defendants afterwards without notice to the plaintiff that no further indulgence in making payments would be granted, and without tendering a deed and demanding the balance of the purchase money, entered judgment in ejectment, and were put in possession of the property. The plaintiff brought assumpsit for the purchase money paid by him under the contract. *Held,* that when the defendants rescinded their contract, they could no longer derive any benefit, directly or indirectly, from it and they were bound to place the plaintiff in statu quo by returning the purchase money which they had received from him.

Argued May 8, 1911. Appeal, No. 150, Jan. T., 1910, by plaintiff, from judgment of C. P. Fayette Co., Dec. T., 1908, No. 238, for defendant n. o. v. in case of Leslie A. Howard v. Anna M. Stillwagon et al. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Assumpsit for purchase money paid under a rescinded contract of sale. Before UMBEL, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the jury returned a verdict for the plaintiff for $3,078.60. Subsequently the court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant non obstante verdicto.

*H. S. Dumbauld,* with him *Robinson & McKean,* for appellant.—The entering of judgment rescinded the contract: Seanor v. McLaughlin, 165 Pa. 150; Campbell Printing Press & Mfg. Co. v. Hickok, 140 Pa. 290; Scott v. Hough, 151 Pa. 630.

A verdict and judgment for plaintiff in ejectment decides that plaintiff is entitled to the premises and no more: Stevenson v. Kleppinger, 5 Watts, 420; Enyard v. Enyard, 190 Pa. 114; Schwan v. Kelly, 173 Pa. 65; Piro v. Shipley, 33 Pa. Superior Ct. 278.

Having seen that the judgment confessed is not conclusive, and that defendants by entering it under the circumstances, rescinded and made void the contract, this case is ruled by Feay v. DeCamp, 15 S. & R. 227, and Jacoby v. Stettler, 8 Sadler, 31.

*W. J. Sturgis,* with him *S. J. Morrow,* for appellees, cited: Youst v. Martin, 3 S. & R. 423; Power v. North, 15 S. & R. 12; Jones v. Scott, 209 Pa. 177.

OPINION BY MR. JUSTICE BROWN, July 6, 1911:

There is no fact in dispute in this case. By an agreement in writing, dated April 18, 1904, the appellees agreed to sell to the appellant and he agreed to buy from them a lot of ground in the borough of Connellsville for $5,800. The property was encumbered by a mortgage for $2,100, which he agreed to assume, and the balance of the purchase money was to be paid as follows: $600 cash upon the signing of the agreement, $400 within two weeks, $1,350 in three months and $1,350 in six months, the deferred payments bearing interest. The contract provided that, "on failure of the second party to pay the purchase money, or any part thereof or the interest and taxes as above mentioned, then this agreement to be void, as it regards the the first parties, at their option." By the terms of the agreement the appellees were authorized to enter judgment against the appellant for the purchase money, and a further provision authorized any attorney to confess

judgment in ejectment against him upon his failure to pay it.    The last installment was due on October 18, 1904, but up to that time the appellant had paid only $1,777 and some interest.    Subsequently he paid the appellees $664.42 and interest.    So far as can be gathered from the records, these payments were accepted by the appellees without complaint or protest, and the appellant was justified in believing that they would not insist upon strict compliance with the terms of the agreement so far as the times of payment were concerned.    Up to June 12, 1906, he had paid them $3,005.36, which included $553.94 interest.

The appellees had two remedies under the agreement for the appellant's default in paying the purchase money. In affirmance of their contract with him they could have entered judgment against him and enforced payment out of any property which he might have owned, including that which was the subject of the agreement.    This they did not do, but, in accordance with the option which they had reserved to themselves in the agreement, they treated it as void, and on November 13, 1906, without giving the appellant notice that no further indulgence in making payment would be granted, and without tendering him a deed and demanding the balance of the purchase money, they entered a judgment in an amicable action of ejectment to recover possession of the property.    Upon this judgment a writ of habere facias possessionem was duly executed and the appellees were put in possession of the property.    The stipulation in the agreement that on the default of the appellant in paying the purchase money, or any part thereof, the appellees might, at their option, treat it as void, gave them the authority to rescind, and their action in summarily repossessing themselves of the property was a rescission of the contract between them: Campbell v. Hickok, 140 Pa. 290; Scott v. Hough, 151 Pa. 630; Seanor v. McLaughlin, 165 Pa. 150.    If the appellees elected to treat the agreement as void, as they did, nothing is to be found in it, and nothing was devel-

oped at the trial, to justify their keeping the appellant's money. The moment they exercised their option to treat the agreement as void and to rescind their contract with the appellant, he was, in the absence of anything shown to the contrary, entitled to get back what he had paid. When they rescinded the agreement they could no longer derive any benefit, directly or indirectly, from it: Sanders v. Brock, 230 Pa. 609; and they were bound to place the plaintiff in statu quo by returning the purchase money which they had received from him.

In contending that the entry of judgment against the appellant in the amicable action of ejectment was a complete adjudication of the rights of the parties to the contract, and that he cannot, therefore, recover back what he paid on account of the purchase money, counsel for appellees overlook the plain terms of the agreement signed by them. They had the right, as already observed, to enforce payment of the balance of the purchase money, but they expressly reserved to themselves another right— to treat the agreement as void—with no right, however, if they should so treat it, to keep what the appellant had paid them on it. The rights of each of the parties must be found in the agreement, and, in the absence of anything therein authorizing the appellees to treat as forfeited to them the purchase money which the appellant paid them, and which they accepted from him before they undertook to rescind after they had the right to do so, their claim to retain it is no more favored by the law than in equity. Even if they had resold the property at a loss, they could not have retained out of the moneys paid them by the appellant more than sufficient to reimburse them for the loss sustained.

After directing a verdict for the plaintiff the court entered judgment for the defendants under the Act of April 22, 1905, P. L. 286, and cited Jones v. Scott, 209 Pa. 177, as authority for doing so. A very different question was presented in that case, and it has no bearing upon the question which was before the court below and

is now before us on this appeal. All that was there decided was that the court below had not erred in opening a judgment entered against Scott in an amicable action of ejectment and restoring to him possession of the premises upon his paying the balance of the purchase money, counsel fees and costs. In the opinion of Mr. Justice DEAN the reasons are stated which justified the equitable interference by the court. This appellant asked for no relief from the judgment and execution against him in the amicable action of ejectment. He acquiesced in what the appellees did under their right to treat the agreement as void; and he was bound to do so, for such was the agreement between them. All that the appellant now asks is that, as the appellees elected to treat as void their agreement to sell him the lot of ground, they return to him what he paid them on account of the purchase money; and to this he is entitled. The assignments of error are sustained, the judgment is reversed and the record remitted, with direction that judgment be entered for plaintiff on the verdict.