# Artzerounian et al. *v.* Demetriades, Appellant.

*Vendor and vendee—Contract—Hand money—Liquidated damages—Forfeiture—Affidavit of defense.*

1. A forfeiture is abhorred in law as in equity, and, where the rights of one of the parties will be injured by declaring a forfeiture, the courts will not be slow to seize on a reasonable opportunity to prevent it.

2. Where articles for the sale of real estate provide for the payment of three sums of one thousand dollars each at three stated periods, and the balance on final settlement, and it is stipulated that the first one thousand dollars shall be forfeited as liquidated damages in case of default, but there is no such stipulation as to the second and third payments, the court will not enforce a forfeiture of the latter payments.

3. In an action to recover hand money paid by plaintiffs on a contract for the purchase of real estate, where plaintiffs aver that defendant was unable to perform his part of the agreement prior to its expiration, because he had no legal title to the property, and such averment is met by a bald denial in the affidavit of defense, such denial is insufficient.

4. A further averment in the affidavit that plaintiffs were not able and willing to perform, does not meet the plaintiffs' statement.

5. If the legal title was not vested in defendant so that he could transfer it to plaintiffs, the latter were not in default, and defendant could not lawfully forfeit the money they had paid.

Argued January 5, 1923. Appeal, No. 68, Jan. T., 1923, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 8663, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Vahaqun S. Artzerounian and Osgan Artzerounian v.

Assignments of Error—Opinion of the Court. ]276 Pa.
Charles B. Demetriades. Before FRAZER, WALLING,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit to recover $3,000 hand money paid under
contract for sale of real estate. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Rule for judgment for want of sufficient affidavit of
defense. Rule absolute for $2,000. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*Frederick J. Knaus,* for appellant.—A party cannot
take advantage of his own wrong or set up his own default to work a forfeiture of his own contract, unless the
contract expressly gives him the right to do so: Cape
May Real Estate Co. v. Henderson, 231 Pa. 82; Korman
v. Trainer, 258 Pa. 362.

Plaintiffs having been guilty of a deliberate breach of
their covenants .in the agreement, are thereby barred
from recovering at all: Morrow v. Waltz, 18 Pa. 118;
Enterline v. Miller, 27 Pa. Superior Ct. 463; Lichetti v.
Conway, 44 Pa. Superior Ct. 71.

Plaintiffs having voluntarily made the two payments
of $1,000 each on May 5, and June 5, 1920, under a claim
of right on part of appellant to receive them, they cannot
recover them: Harvey v. Girard Nat. Bank, 119 Pa.
212; Schoenfeld v. Bradford City, 16 Pa. Superior Ct.
165.

*John N. Ouzounian,* for appellees, cited: Lichetti v.
Conway, 44 Pa. Superior Ct. 71; Yoder v. Strong, 227
Pa. 432.

OPINION BY MR. JUSTICE SCHAFFER, January 29, 1923:
Defendant appeals from a judgment entered against
him for want of a sufficient affidavit of defense.

The suit arose from a contract in which defendant agreed, for a consideration of $21,000, to sell, and plaintiffs to buy, certain real estate, not then in the actual ownership of defendant, but which, under articles, he had contracted to purchase from a third person. The agreement between the parties litigant provided for the payment of one thousand dollars on its signing, which was to be forfeited to defendant as liquidated damages in case of default in performance by plaintiffs, one thousand dollars within sixty days from its date, and the balance at the time of settlement, which was to be made within ninety days, with a stipulation that the agreement might be extended for a like period on the payment of an additional thousand dollars.

Plaintiffs paid the three sums of one thousand dollars each and, the transaction not having been consummated at the expiration of the second ninety-day period, brought suit against defendant for these sums. An affidavit of defense was filed, and, on motion for judgment because of its insufficiency as to the last two payments, the court entered judgment for them, basing its decision on the fact that the agreement provided for the forfeiture of the first thousand dollars for noncompliance, but not for forfeiture of the subsequent payments in that event. We think this warranted the entry of the judgment. If defendant intended the other payments to be forfeited, he should have seen to it that the contract so provided; forfeitures are not favorites of the law: Sheaffer v. Eichenberg, 62 Pa. Superior Ct. 510, where Mr. Justice KEP-HART, then in the Superior Court, said: "A forfeiture is abhorred in law as in equity, and, where the rights of one of the parties will be injured by so declaring it, courts will not be slow to seize on a reasonable opportunity to prevent the forfeiture." While somewhat dissimilar on its facts, the case of Howard v. Stillwagon, 232 Pa. 625, has a decided bearing on the present case in principle. There, as here, a vendor was endeavoring to retain payments made by a vendee of real estate under articles to

whom title had not been made; we said (p. 628) : "The rights of each of the parties must be found in the agreement, and, in the absence of anything therein authorizing the appellees to treat as forfeited to them the purchase money which the appellant paid them, and which they accepted from him before they undertook to rescind after they had the right to do so, their claim to retain it is no more favored by the law than in equity."

For a reason additional to that assigned by the court below, the judgment was proper. In their statement of claim, plaintiffs declared that defendant was unable to perform his part of the agreement prior to its expiration, because he had no legal title to the property. The affidavit meets this allegation with a bald denial, which is insufficient: Parry v. First National Bank, 270 Pa. 556. There is the further averment that plaintiffs were not able and willing to perform, but this did not meet plaintiffs' statement; they were not required to complete the purchase, by payment of the balance due until defendant could convey the legal title to the property. Defendant in his affidavit does not aver that the legal title was vested in him; unless it was, and he could transfer it to plaintiffs, the latter were not in default, and, not being in default, defendant could not lawfully forfeit the money they had paid.

The judgment is affirmed.