## Cohen v. Baker.

*Contracts—Rescission—Failure to perform—Recovery of consideration.*

1. Where one who has a contractual duty to perform fails therein, he cannot set up his own failure as a rescission of the contract so as to recover, from one not in default, payments theretofore made on account of the contract.

2. Before a plaintiff is entitled to recover for breach of a contract to convey real estate, he should show a breach by the other party, and that he is entitled to rescind, and does rescind, the contract.

*Real estate—Good and marketable title—Building restrictions—Philadelphia—Streets—Act of April 21, 1855.*

3. The Act of April 21, 1855, P. L. 264, a supplement to the act consolidating the City of Philadelphia, which requires that no new dwelling-house or other building within said city shall front upon any street, alley or court which shall be of less width than twenty feet, etc., does not apply to a building which fronts on a street having more than that width, but which extends in length or depth, flanking and abutting on the line of a street or alley of a width less than twenty feet. A building can have but one front.

4. Where a vendor has contracted to convey "a good and marketable title" to properties on Race and North 11th Streets, the fact that the properties in question extend back to Clifton Street, which has a width of only ten feet, does not establish a restriction or encumbrance upon the title so as to affect its marketability and establish a breach of the contract.

Motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., Dec. T., 1920, No. 5465.

*S. W. Salus,* for plaintiff; *J. W. Hallahan,* for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, June 19, 1923.—This suit was brought for the recovery of a payment made under a written agreement for the purchase of real estate described as being Nos. 1033 and 1035 Race Street, and No. 209 North Eleventh Street, in the City of Philadelphia. The agreement called for a good and marketable title, and the plaintiff claimed that this condition was not met, and that he was, therefore, entitled to the return of the purchase money paid under the agreement. At the conclusion of the presentation of the testimony, both sides submitted points for binding instructions. That for the defendant was affirmed, and under it the jury returned a verdict. The plaintiff has now moved for judgment *non obstante veredicto.*

Under the plaintiff's statement, his claim for the return of the purchase money is clearly placed upon the allegation that the title of the defendant was not good and marketable, owing to the effect of the Act of April 21, 1855, P. L. 264. There is a further averment in the statement that the plaintiff demanded from the defendant the immediate return of the said purchase money. The affidavit of defence is a denial of the contention of the plaintiff that the said Act of 1855 affects the marketability of the title to the properties in question, and a further denial that any demand was made for the return of the purchase money.

The premises agreed to be sold admittedly have a frontage on Race Street and on North Eleventh Street, and they are thus identified and described in

3 D. & C.

the said agreement. It is also admitted that the buildings thus numbered extend back to Clifton Street, which has a width of only ten feet.

The Act of April 21, 1855, P. L. 264, which is a supplement to the act consolidating the City of Philadelphia, in section 6, provides that "no new dwelling-house or other building within said city shall front upon any street, alley or court which shall be of less width than twenty feet, or without being made to recede so that such street, alley or court shall be of that width, the buildings on each side equally receding; the damages for which widening shall be assessed and paid to the owner in manner provided by law in case of opening new streets. Every new dwelling-house shall also have an open space attached to it in the rear or at the side, equal to at least twelve feet square." The effect of this act, where the buildings front upon a street of the requisite width, has been conclusively determined by our appellate courts. In Appeal of Penn Mutual Life Ins. Co., 9 Pa. Superior Ct. 593, following the decision of the Supreme Court in Guarantee Trust, etc., Co. v. Philadelphia, 30 Legal Intell. 240, it was held that "the Act of April 21, 1855, P. L. 264, prohibiting the erection of a building to front on a street or alley or court, which shall be of less width than twenty feet, does not apply to a building which fronts on another street of the designated width, but which extends in length or depth, flanking and abutting on the line of a street or alley of a width less than twenty feet. Hence, it follows that a recession in building on such alley does not entitle the receding owner to damages as to the portion of land surrendered to the street by such recession." It was further held that, within the meaning of this act, a building can have but one front. In that case, upon the erection of a new building, it was made to recede from Kelly Street, which was of less width than twenty feet, upon which it abutted, to meet the provisions of the act, when the building had a frontage on Chestnut Street, which had the width required by the act, and the owner could not recover his damages under the provision of the act. These decisions are precisely in point, and are conclusive of the question of the marketability of the title, as raised in the case under consideration. Another authority for this conclusion is Batley v. Foerderer, 162 Pa. 460, where buildings prohibited to be erected in a deed included only such wooden structures as were prohibited by city ordinance or general law, and it was held that the restriction was not open to objection by the vendee as an encumbrance upon the title.

It might be noted that the restriction under the Act of 1855 might be held to be a restriction of law, either as a police regulation or a condemnation for general public use, and the same restriction might be said to exist with respect to any property abutting upon any city street, for the widening of which the legislature has provided by general or special laws, upon payment of compensation. In such cases, the parties must be said to contract with reference and subject to these laws, and whatever restrictions they may impose upon a title are not such as affect its marketability.

Before a plaintiff is entitled to recover for breach of a contract to convey real estate, he should show a breach by the other party, and that he is entitled to rescind, and does rescind, the contract. In this case the statement contains an averment which might indicate rescission, denied in the affidavit of defence, but there is no evidence to indicate that the contract was rescinded, or that a demand was made for the return of the money paid on account of the purchase. The sole reason advanced by plaintiff for non-performance by him was that the title was not good and marketable, owing to the alleged restriction of the Act of 1855, and that defendant failed to remove it.

Cohen *v.* Baker.

The authorities submitted by the plaintiff were cases in which the restriction was by deed, and not one of law. In Lesley *v.* Morris, 9 Phila. 108, there was a building restriction created by a former owner; in Speakman *v.* Forepaugh, 44 Pa. 363, there was an unrecorded and outstanding title.

The effect of Artzerounian *v.* Demetriades, 276 Pa. 303, and Howard *v.* Stillwagon, 232 Pa. 625, is that where parties have fixed and liquidated the damages for breach of an agreement to convey real estate, they are limited and controlled by this provision of the contract, and in the event of non-performance by one party, the other party can only retain the amount so agreed upon as the damages in the event of a breach; and that where one party rescinds for a breach by the other, he cannot retain or derive any advantage under the contract. In the case we are considering, the vendee, the plaintiff, was to prepare the deed. Tender of the deed was waived by him. No provision was made for liquidated damages in the event of a breach of performance by either. The plaintiff was the party to act, but he failed to perform, and declined to perform, upon an unsustainable ground. But defendant, the vendor, so far as is disclosed by the evidence, has failed in no undertaking upon her part under this agreement. She has not attempted to rescind, or taken any step in disaffirmance of the agreement to sell, and we must conclude that the plaintiff was the party in default, and that he has shown no right of recovery. To hold otherwise, under the facts of this case, would be placing a premium upon the breaking of contracts for the purchase of real estate. It is not a question of forfeiture here, but only of failure to show a right to recover.

The motion of the plaintiff must be overruled.

And now, to wit, June 19, 1923, the motion of the plaintiff for judgment *non obstante veredicto* is overruled. An exception to this action of the court is hereby noted for the plaintiff.