## Smyth, Appellant, *v.* Resnick.

*Contracts—Contracts for sale of real estate—Failure to perform —Forfeitures.*

Money paid on account of the purchase price of real estate (not agreed to be forfeited in the event of default) may be recovered back, where it is shown that defendant-vendor was neither ready nor able to perform at the time specified.

Argued October 3, 1923.   Appeal, No. 219, Oct. T., 1923, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 5624, on verdict for defendant, in the case of Charles L. Smyth v. Nathan Resnick.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit to recover money paid on account of the sale of real estate.   Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

208, (1923).] Statement of Facts—Opinion of the Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned* was refusal of plaintiff's motion for judgment non obstante veredicto.

*W. Horace Hepburn, Jr.,* for appellant, cited: Artzerounian v. Demetriades, 276 Pa. 303.

*John W. Speckman,* for appellee, cited: Dawson v. Vrostyak, 71 Pa. Superior Ct. 344; Cape May Real Estate Company v. Henderson, 42 Pa. Superior Ct. 1.

OPINION BY LINN, J., November 19, 1923:

The plaintiff sued to recover three payments aggregating six hundred dollars made by him to defendant on a contract executed by them, by which defendant agreed to convey to plaintiff certain real estate of which defendant was not then seized but which he had agreed to purchase. Two hundred dollars were paid at delivery of the contract, which provided, that if plaintiff defaulted, that sum might be retained by defendant as liquidated damages. The other payments of four hundred dollars were subsequently made on account of the purchase price as provided in the agreement which, however, did not make them subject to forfeiture; thereafter disputes arose between the parties, and the agreed date for settlement passed.

Plaintiff's evidence was to the effect that his failure to complete his contract was due to defendant's interference with his efforts to sell the property, and that, accordingly, he rescinded.

The affidavit of defense averred that defendant was ready and able to perform his undertaking and that he had in fact done so. His testimony, however, was otherwise; he testified that at the time specified for performance in the agreement, he had not taken title to the property and therefore could not convey; nor did he ten-

der a deed to plaintiff; on the contrary he accepted plaintiff's rescission: Sanders v. Brock, 230 Pa. 609, 615.

Because plaintiff testified he had declined to perform in consequence of defendant's alleged interference with his efforts to sell, and, in the absence of allegation in the statement of claim of defendant's inability or refusal to convey, the learned court below directed a verdict for defendant, at the same time refusing a motion by plaintiff that a verdict be directed in his favor for four hundred dollars, the total paid less two hundred dollars agreed upon as liquidated damages. This appeal challenges that action.

While true that plaintiff did not allege defendant's inability or refusal to convey, defendant put that fact in issue by his affidavit of defense, and himself proved that he was neither ready nor able to perform at the time specified. In such circumstances, we all agree the record shows that appellant is entitled to recover the four hundred dollars which the parties had not agreed should be forfeited. "If defendant intended the other payments to be forfeited, he should have seen to it that the contract so provided; forfeitures are not favorites of the law: Sheaffer v. Eichenberg, 62 Pa. Superior Ct. 510, where Mr. Justice KEPHART.....said: 'A forfeiture is abhorred in law as in equity, and, where the rights of one of the parties will be injured by so declaring it, courts will not be slow to seize on a reasonable opportunity to prevent the forfeiture.' While somewhat dissimilar on its facts, the case of Howard v. Stillwagon, 232 Pa. 625, has a decided bearing on the present case in principle. There, as here, a vendor was endeavoring to retain payments made by a vendee of real estate under articles to whom title had not been made; we said (p. 628): 'The rights of each of the parties must be found in the agreement, and, in the absence of anything therein authorizing the appellees to treat as forfeited to them the purchase money which the appellant paid them, and which they accepted from him before they undertook to rescind after they had the right

to do so, their claim to retain it is no more favored by the law than in equity' ": Artzerounian et al. v. Demetriades, 276 Pa. 303, 305.

The judgment is reversed, and the record is remitted to the court below with instructions to enter judgment for plaintiff in the sum of four hundred dollars.