## Schuman v. Barry.

*Vendor and vendee—Contract—Sale of land—Recovery of hand-money—Affidavit of defence—Failure of performance.*

1. A party who has advanced money or done an act in part performance of an agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed to fulfill all the stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done.

2. In an action by the vendee of real estate against the vendor, who contracted as equitable owner, to recover back the first instalment of purchase money, an affidavit of defence is sufficient which avers that plaintiff did not pay the second instalment of purchase money under the contract, denies specifically and clearly that defendant refused to perform his part of the contract, and alleges that defendant was always able and willing to perform his part of the agreement with plaintiff.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., Sept. Term, 1923, No. 7525.

*B. H. Wolf*, for plaintiff; *C. Brewster Rhoads*, for defendant.

MARTIN, P. J., March 31, 1924.—The plaintiff has taken a rule for judgment for want of a sufficient affidavit of defence in a claim for the recovery of $1250, being first payment under a written contract for the purchase of premises No. 2116 Walnut Street, in the City of Philadelphia.

The written contract in question was admittedly made with the defendant as "equitable owner," and provided for the payment of said $1250 at the execution of the agreement on May 10, 1923, an additional sum of $1250 within ten days, $40,000 to remain as a ground rent, "to be redeemed within five years from the date of settlement," $20,000 to be secured to the seller by a second mortgage, and the balance of the consideration of $65,000 to be paid at the time of settlement, which was to be within sixty days from the date of the agreement, which time was of the essence of the contract. The agreement contained no provision of forfeiture or for the payment of liquidated damages in the event of breach. The statement of the plaintiff set forth, *inter alia*, that on or about May 20, 1923, when the second payment of $1250 was due, the defendant notified the plaintiff that he would not carry out the terms of the agreement; that the defendant's contract with the then owner of said

4 D. & C.

premises provided for a ground rent upon the premises in question and other property, in which the plaintiff was not interested, and for payment at the end of five years instead of within five years; that the defendant never had legal title to the property, and was, therefore, not able to perform his part of the contract with the plaintiff, but that on July 17, 1923, the legal title to the premises became vested in one John C. Crawford by deed from Nellie R. Carter, the vendor in the said written agreement with the defendant, under which the defendant claimed to be the equitable owner thereof.

The affidavit of defence specifically and clearly denies that the defendant refused to perform his part of the contract with the plaintiff; avers and sets forth that the agreement of the defendant with the then owner of the premises provided for the said $40,000 ground rent to be paid within five years, as contemplated by the agreement of the defendant with the plaintiff; and that the defendant was at all times ready and willing to perform his part of the agreement with the plaintiff; and that the transfer of the legal title to John C. Crawford on July 17, 1923, was "in trust for and subject to the disposition, direction and orders of the defendant;" and that the defendant always was able and willing to perform his part of the agreement with the plaintiff.

The averment of the statement with respect to rescission or breach by declining to perform on the part of the defendant is thus clearly denied in the affidavit of defence, and the averment of the statement that the $40,000 ground rent, as provided for in the defendant's contract with the holder of the legal title, was not in accord with the ground rent provision of the contract between the plaintiff and defendant, is likewise clearly met by the affidavit of defence. The fact that the ground rent might rest upon property other than that which the defendant was selling to the plaintiff was to the advantage of the plaintiff, rather than otherwise, and was not a violation of the provisions of the plaintiff's agreement.

The remaining question then is, whether the plaintiff is entitled to judgment for the down-money, in the face of the defence set up that the plaintiff was in default in not making the second payment of $1250. The general rule, as set forth in Sanders v. Brock, 230 Pa. 609, 614, is that "the party who has advanced money or done an act in part performance of the agreement and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed to fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." In that case the plaintiff was suing to recover the payment made on account of a contract for the purchase of real estate. The statement was met by responsive affidavit, which set up that the defendant was the equitable owner under a written agreement of purchase, of which the plaintiff had knowledge, and that he was prepared to give a good and marketable title to the premises in question and had tendered a deed therefor, with the denial that the plaintiff was ready to settle on the time fixed by the agreement, and admitting that after breach by the plaintiff the defendant had sold the premises in question for a sum in excess of the price agreed to be paid by the plaintiff. It was held that the affidavit was sufficient and that the sale of the premises subsequent to the breach by the plaintiff is not such rescission of the contract which can be invoked in aid of the party at fault. Moreover, the averment of the affidavit of defence is that the title has not passed out of the control of the defendant, but that it is held in trust for him and subject to his direction and control. We think this authority is controlling, and that the rule must be discharged.

This conclusion is not inconsistent with Howard v. Stillwagon, 232 Pa. 625, where the defendant rescinded the contract under a provision that upon default in the payment of the purchase money by the vendee the seller might treat the contract as void, and it was held that the rescission being in disaffirmance of the contract, the defendant should place the plaintiff in the same condition in which he was at the inception of the agreement and refund the payments made. The agreement providing for rescission by the seller, his action in exercising his option in disaffirmance of the contract, fixed the status of the parties with respect to the moneys paid on account of the purchase.

In Artzerounian v. Demetriades, 276 Pa. 303, the agreement specifically provided for the forfeiture of the first payment of $1000 as liquidated damages in case of default in performance by the plaintiffs, and it was held that the parties having thus fixed the amount which should be retained by the seller in the event of breach by the purchaser, the defendant-seller could not retain more than this stipulated amount in the event of the breach of the plaintiff. The averment of the plaintiff's statement that the defendant was unable to perform his part of the agreement because he had no legal title to the property was met by a "bald denial" in the affidavit of defence, which was held to be insufficient.

The case under consideration differs from the facts in the two last quoted cases, in that the breach of the plaintiff was prior to the time when the defendant was required to have the legal title, and that the affidavit of defence sets forth facts from which it appears that the legal title was and is in the control of the defendant, and that he was able to perform his part of the contract with the plaintiff.

And now, to wit, March 31, 1924, rule discharged.