## Pressman et al. *v.* Johns, Appellant.

*Contracts—Contracts for the sale of real estate—Failure to perform—Proceedings in lower court—Presumption of regularity.*

Money paid on account of the purchase price of real estate (not agreed to be forfeited in the event of default), may be recovered back, where it is shown that the defendant-vendor was not able to perform at the time specified.

In the absence of anything to the contrary the Appellate Court will presume that the proceedings in the Lower Court were regular.

Argued October 29, 1925. Appeal No. 16, October T., 1925, by defendant, from judgment of M. C., Philadelphia County, October T., 1923, No. 564, in the case of William Pressman and Mollie B. Hadler, to the use of Kathryn Pressman, v. Harry Johns. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid on account of the purchase price of real estate. Before WALSH, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The rule was made absolute. Defendant appealed.

*Error assigned,* among others, was the decree of the court.

*C. W. Van Artsdalen,* for appellant.

*Roy Pressman,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff and the defendant entered into an agreement for the sale of real estate. The plaintiff was to pay $1,000 down, which sum in the event of the plaintiff failing to comply with the agreement was to

be forfeited to the defendant. Five hundred dollars more was to be paid, (and was paid), 60 days afterward and the balance on settlement. The sale was never consummated, and the plaintiff brought this suit for the recovery of the amounts which he had paid and obtained judgment for want of a sufficient affidavit of defense for the $500 paid by him, being the second payment above referred to. Without referring to all the matters raised in the appellant's argument, it seems to us that the statement made by the plaintiff that at the date of settlement, a deed was produced, signed by the defendant, which purported to convey to the use plaintiff, the premises in question, and that at that time the defendants had no title and of course could not give the deed which statement was not controverted specifically by the defendant, who admits that the title was in a third party, settles the question. As they did not convey the title, they had no right to the $500. That sum did not form part of the forfeit money and upon the failure of the transaction, did not belong to the defendants. The case is very like that of Artzerounian vs. Demetriades, 276 Pa. 303. There the plaintiff paid three sums of $1000 each and the transaction was never consummated. The lower court based its decision in favor of the plaintiff for the $2,000 last paid, on the fact that the agreement provided for the forfeiture of the first payment, but did not provide for the forfeiture of subsequent payments, and that if such was the idea of the vendor, he should have seen to it that the contract so provided. See also our own case—Smyth v. Resnick, 82 Pa. Superior Ct. 208. These cases rule the question.

The appellant raised the point that under the rules of the Municipal Court a motion for judgment for want of a sufficient affidavit of defense must be made within five days after service of the affidavit, (Section

E of Rule 14), and that the court had no right to consider the rule for judgment. Nowhere does it appear properly on record when this affidavit of defense was served. The only mention of the date of service is contained in the defendant's rule to strike off the rule for judgment. The printed record before us shows that this rule was discharged. Probably the court did not consider that in such a case a rule to strike off a rule was proper practice. The mere allegation as to when the service was made, when the petitioner was not in a position to require an answer to such averment proved nothing. We presume that all things have been done regularly and in the absence of anything to the contrary, that the Municipal Court acted within its rights in considering the rule for judgment for part of the amount claimed by plaintiff, and in entering judgment for the same.

The assignments of error are overruled and the judgment is affirmed.