Bezold, Appellant, v. Potamkin.

Argued October 22, 1930.

Before TREXLER, P. J., KELLER, LINN, CUNNINGHAM, GAWTHROP and BALDRIGE, JJ.

*Charles L. Taylor*, for appellant.

*Abraham Marcu*, for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1931:

Plaintiff sought in an action tried before a judge of the municipal court, sitting without a jury, to recover $600 paid to defendant as deposit money under an agreement in writing for the sale by defendant to plaintiff of certain real estate in the City of Philadelphia. This appeal is by the plaintiff from a judgment entered upon a finding in favor of the defendant.

The material facts are not in dispute; some were admitted in the affidavit of defense and others established by uncontradicted evidence; our question is whether the law was correctly applied to them. Both parties acted through agents. The agreement was dated July 2, 1926, and appellee is referred to therein as the equitable owner of the premises at Nos. 1506 and 1528 West French Street. By its terms he agreed to sell, and appellant to buy, the properties for a total consideration of $8,850, $400 thereof to be paid upon the signing of the agreement, "an additional deposit of two hundred ($200) dollars within thirty days, and the balance......at the time. of settlement delivery of the deed, which shall take place on or before the first day of September A. D., 1926." The contract, after providing that title insurance should be obtained from the Commonwealth Title and Trust Company, contained these material provisions: "Formal tender of deed and tender of moneys is hereby waived. Should the buyer fail to make settlement as herein provided, and the said time is hereby agreed to be the essence of this agreement, sum or sums paid on account are to be retained by the seller, either on account of the purchase money, or as compensation for the damages and expenses he has been put to in this behalf, as the seller shall elect, and in the latter case this contract shall become null and void and all copies to be returned to seller for cancellation." On the date of the agreement $400 was paid on behalf of the buyer

to the seller and the additional deposit of $200 made August 2nd. On August 28th appellee notified appellant, by letter, that settlement would take place "Wednesday, September 1st, at 1 P. M. at the Commonwealth T. and T. Co." and enclosed "settlement certificates covering same." Neither appellant nor his agent appeared at the time and place fixed for settlement and, upon a request by telephone from appellant's office, the time for settlement was extended to September 10th. The uncontradicted testimony of appellee was that no one appeared for appellant on September 10th, but appellee attended and "the real owner was there with a deed prepared and ready to convey." On October 15th appellant's agent notified appellee by phone that appellant was "not going ahead with the agreement and asked for the money back," which demand was refused. There is no justification in the testimony for the statement made by counsel for appellee in his counter-history of the case, and repeated in the argument, that appellant notified appellee "before the date of settlement" that he elected to rescind the contract; this statement should not have been made as the testimony cited by counsel clearly shows this notice was given more than a month after the postponed date for the settlement. A considerable portion of the argument for appellee is based upon this incorrect statement and must be ignored. The substantial reason assigned by the trial judge for his conclusion was that there had been "no default on the part of the defendant."

Although the evidence establishes that appellant alone was responsible for the failure to make settlement in accordance with the terms of the agreement, it is contended by his counsel that he is entitled to a return of the deposit money upon two grounds: (a) because appellee never had anything more than an equitable title to the properties; and (b) neither

pleaded nor proved he had suffered any "damages" or been put to any "expenses" within the meaning of the contract. The first assignment alleges error in the admission of the testimony of appellee relative to his preparations for the settlement, the notice to appellant of the time and place thereof, and the fact that the real owner was in attendance with the deed and ready to deliver it to appellant. We think this testimony was properly admitted and this assignment is dismissed.

The others relate to the finding of the trial judge, the entering of judgment thereon and the refusal of a new trial. In support of his first proposition, appellant cites Artzerounian v. Demetriades, 276 Pa. 303, but the case at bar is, we think, distinguishable on its facts. In the case cited defendant agreed for a consideration of $21,000 to sell, and plaintiff to buy, certain real estate not then in the actual ownership of defendant but which under articles he had contracted to purchase from a third party. By the agreement it was provided that $1,000 should be paid on its signing, "which was to be forfeited to defendant as liquidated damages in case of default in performance by plaintiffs," $1,000 within sixty days, and the balance at the time of settlement, with a stipulation that the agreement might be extended for a designated period on the payment of an additional $1,000. Plaintiffs paid the three sums of $1,000 each; the transaction was not consummated and they sued for these sums. An affidavit of defense was filed and on motion for judgment, because of its insufficiency as to the last two payments, the court below entered judgment for them, basing its decision on the fact that the only forfeiture provided for by the agreement was of the first thousand dollars. The Supreme Court affirmed, primarily upon the ground that the contract did not provide for any forfeiture of the second and third payments. As

an additional reason it was stated that defendant did not aver that the legal title was in him and "unless it was and he could transfer it to plaintiffs the latter were not in default."

Our case of Dorsey v. Berry, 92 Pa. Superior Ct. 195, is also cited as applicable to both of appellant's propositions. That appeal was from a judgment in favor of the plaintiff in a suit to recover money paid on account of the purchase of real estate. The defendant contracted to sell as agent for one Flanagan, who did not have the legal title at the time fixed for settlement or at any other time. In his affidavit of defense he admitted that he did not claim the money, but that he held it for his principal. Defendant offered, but was not permitted, to show that Flanagan had an agreement with the holder of the legal title for a conveyance. This court, citing the Artzerounian case, held, in an opinion by Linn, J., that as Flanagan could not convey the legal title there was failure of consideration entitling the plaintiff to recover what he had paid on account.

In neither of the cases cited was it averred or shown that at the time of settlement the seller was in a position to have the legal title conveyed forthwith to the buyer, but here there was uncontradicted testimony that the seller was prepared at the date fixed for settlement to deliver to the buyer a deed from the holder of the legal title. The provision in the Dorsey agreement, with respect to the disposition of the money paid on account, if the buyer failed to make settlement, was identical with the one here present. It was held that it did not authorize the seller "to declare a forfeiture of the payments" and as he could not convey he could not retain the payments "on account of the purchase money," and as there was no evidence that he had sustained any "damages and expenses" through the buyer's default he could not defend on that ground. It

is equally true in this case that no damages or expenses were pleaded or shown, but as the seller was, under the evidence, prepared to convey the legal title and the default was entirely on the part of the buyer, we think appellee was entitled to "elect" to retain the $600 "on account of the purchase money."

Reference is made in the opinion of the court below to the fact that no tender was made by either party, but that is immaterial as it is expressly provided in the contract that formal tender of deed and of moneys is waived.

Assignments two to eight, inclusive, must also be overruled.

Judgment affirmed.