## Sanders, Appellant, *v.* Brock.

*Vendor and vendee—Sale of real estate—Breach of contract—Vendee in default—Recovery of purchase money paid on account.*

1. When a purchaser of real estate declines to comply with his agreement by paying the purchase money, the vendor may, in affirmance of the contract, bring an action to compel payment of the money, or he may treat the contract as rescinded and sue for damages for its breach. The vendor, however, is not required, on the breach of the contract by the purchaser, to pursue either course, and the latter cannot compel him to enforce his rights by an action at law. What the vendor is required to do, under such circumstances, is to be ready and willing at the stipulated time to perform his part of the contract and convey the real estate to the purchaser in compliance with its provisions. So long as he occupies such a position, he is not in default and has not infringed or rescinded the agreement. He, therefore, is not liable to a defaulting purchaser who has violated the contract by declining to fulfill its stipulations.

2. The settled rule in respect to contracts for the sale of real estate is that the party who has advanced the money, or done an act in part performance of the agreement, and then stopped short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done.

3. Where the vendor under an agreement for the sale of real estate does not rescind the agreement or refuses to convey the property but tenders a deed and insists upon the purchaser accepting title which the latter positively and at all times declines, the purchaser is not entitled to demand that the vendor continue to hold the property indefinitely or repay the purchase money paid on account under the contract.

4. Where a vendor of land sells it under articles, and receives a portion of the purchase money on the execution of the articles, but without any obligation in the articles to return the same in case of breach, and at the date of settlement he tenders a deed for a good marketable title, and the vendee then and always thereafter refuses to complete his part of the contract by accepting the deed and paying the balance of purchase money, the vendee cannot, after the vendor has sold the property to another person for an amount in excess of the price mentioned in the articles, maintain an action to recover back the portion of the purchase money paid on account.

Argued Jan. 9, 1911. Appeal, No. 217, Jan. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., March Term, 1910, No. 4,609, discharging rule for judgment for want of a sufficient affidavit of defense in case of Albert J. Sanders v. Seldon J. M. Brock. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER. Affirmed.

Assumpsit for money had and received. Before WILT-BANK, J.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the statement of claim and affidavit of defense are set forth in the opinion of the Supreme Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Horace Stern*, with him *Morris Wolf*, for appellant.—It is submitted that both on reason and authority the plaintiff should be allowed to recover: Ashcom v. Smith, 2 Penrose & Watts, 211; Bowser v. Cessna, 62 Pa. 148; Hughes v. Miller, 205 Pa. 627; Hartman v. Pemberton, 24 Pa. Superior Ct. 222; Pepper v. Deakyne, 212 Pa. 181; Wotring v. Shoemaker, 102 Pa. 496; Smethurst v. Woolston, 5 Watts & Serg. 106; Feay v. DeCamp, 15 S. & R. 227; Poulson v. Ellis, 60 Pa. 134; Jacoby v. Stettler, 2 Cent. Repr. 607; Wilder's Est., 2 Blair Co. 57; Kunkel v. Roberts, 16 Pa. Dist. Rep. 179; Phelps v. Brown, 95 Cal. 572 (30 Pac. Repr. 774); Gwin v. Calegaris, 139 Cal. 384 (75 Pac. Repr. 851); Hickock v. Hoyt, 33 Conn. 553; McDaniel v. Gray, 69 Ga. 433; Gilbreth v. Grewell, 13 Ind. 484; Lloyd v. Davis, 2 Ind. App. 170 (28 N. E. Repr. 232); Norris v. Letchworth, 140 Mo. App. 19 (124 S. W. Repr. 559); Streeper v. Williams, 48 Pa. 450; Mathews v. Sharp, 99 Pa. 560; Keck v. Bieber, 148 Pa. 645; Emery v. Boyle, 200 Pa. 249.

*H. J. Rebman*, with him *James Gay Gordon*, for appellee.—The payment of part of the purchase price of the land is a voluntary payment by the plaintiff which does not give rise to an action for money had and received: Rounds v. Baxter, 4 Me. 454; Boyd v. McCullough, 137 Pa. 7; Wheeler v. Mather, 56 Ill. 241; Davison v. Hill, 1 Ill. App. 70; Hansbrough v. Peck, 72 U. S. 497; Downey v. Riggs, 102 Iowa, 88 (70 N. W. Repr. 1091); Cornwall v. Henson, L. R. 2 Ch. D. (England, 1899) 710; Cleary v. Folger, 33 Pac. Repr. 877; Page v. McDonnell, 55 N. Y. 299; Lawrence v. Miller, 86 N. Y. 131; Durham v. Wick, 210 Pa. 128.

OPINION BY MR. JUSTICE MESTREZAT, March 20, 1911:

This is a rule for judgment for want of a sufficient affidavit of defense. The action was assumpsit to recover back $2,000 paid by plaintiff to the defendant as part purchase money on a sale of certain real estate sold by the

defendant to the plaintiff and which sale the latter declined to complete by refusing to take the property and pay the balance of the purchase money.

By an agreement in writing dated January 14, 1910, the defendant agreed to sell and convey to the plaintiff the premises at 1507 Walnut street, Philadelphia, for the consideration of $104,000, of which $1,000 were to be paid at the signing of the agreement, and the balance at the time of settlement on or before February 1, 1910. ` The premises were to be conveyed clear of all incumbrances and easements and the title was to be good and marketable and subject to no restrictions. It was agreed that if the purchaser made an additional payment of $1,000 on the purchase money, the time of settlement should be extended for a further period of thirty days from February 1. The agreement was executed by the parties as agents for undisclosed principals. The purchaser paid $1,000 at the signing of the agreement, and the additional sum of $1,000 on or about February 1 when the time of settlement was extended to March 2, 1910.

The statement after setting forth the above facts avers that on March 2, 1910, the plaintiff was ready and willing and offered to settle for the property according to the terms of the agreement, but the defendant was unable to convey the premises clear of incumbrances and easements and with no restrictions; that on said date the fair market value of the property was at least $104,000, the price agreed to be paid by the plaintiff for it; that subsequently to the said date and prior to the bringing of this suit the defendant sold the property for a price largely in excess of the sum agreed to be paid for it by the plaintiff although the property was of no greater value at the time of the sale than on March 2, 1910; and that by reason of the premises the defendant was not injured by plaintiff's alleged breach of contract and is, therefore, not entitled to retain the $2,000 which was paid him by the plaintiff as part of the purchase money.

The defendant filed an affidavit of defense in which he

admits the execution of the contract and the payment of the $2,000 as averred in the statement. He alleges that before the date of the agreement with the plaintiff he had become the purchaser of the premises in question under the terms of a written agreement dated December 24, 1909, under which he paid to the vendor $2,000 on account of the purchase money, and by the terms of the agreement he was obliged to make final settlement on March 2, 1910. He avers that the plaintiff had knowledge of these facts, and desiring to prevent the defendant from carrying out his contract for the purchase of the premises in order that he might thereupon take advantage of the defendant's default therein by becoming himself the purchaser of the premises and with such intent the plaintiff willfully planned and contrived to delay the final settlement until the time for completing defendant's purchase should expire so that the plaintiff might obtain the property directly from the defendant's vendor, thereby causing the defendant to lose the sum of $2,000 paid on account of the purchase money.

The affidavit denies that plaintiff was ready to settle on March 2, 1910, as alleged in the statement, and avers that on said date the defendant "was prepared to give a good and marketable title to all of the said property and estate called for in the said agreement and in good faith tendered a proper conveyance thereof to the said plaintiff, who, without good reason or legal excuse positively declined and refused to take the said title or to pay the balance of the purchase money reserved and stipulated in the said agreement."

The defendant admits that prior to the bringing of the suit he sold the property for a price in excess of $104,000, but avers that he did not sell "until after the plaintiff had, without good cause or lawful excuse, himself violated his said agreement, and had positively refused to take title to the said property or to pay the purchase price therefor."

The plaintiff bases his right to recover back the $2,000

on the fact that the defendant having resold the property for a sum in excess of the price agreed to be paid by the plaintiff, the defendant was not injured by the plaintiff's breach of the contract and must, therefore, return the sum paid on the purchase money.

We must deal with the case on the averments of fact in the statement and affidavit of defense. The defendant tendered the plaintiff a deed which conveyed a good and marketable title to the premises, and in every other respect he complied with the terms of the agreement. Without any just or legal excuse or cause, the plaintiff refused to accept the deed and declined to pay the unpaid purchase money. In other words, the plaintiff refused to complete the purchase, violated his contract, and compelled the defendant to retain the property. This action is assumpsit on an implied contract to compel the repayment of money had and received by the defendant for the plaintiff's use.

When a purchaser of real estate declines to comply with his agreement by paying the purchase money, the vendor may, in affirmance of the contract, bring an action to compel payment of the money, or he may treat the contract as rescinded and sue for damages for its breach. The vendor, however, is not required, on the breach of the contract by the purchaser, to pursue either course, and the latter cannot compel him to enforce his rights by an action at law. What the vendor is required to do, under such circumstances, is to be ready and willing at the stipulated time to perform his part of the contract and convey the real estate to the purchaser in compliance with its provisions. So long as he occupies such a position, he is not in default and has not infringed or rescinded the agreement. He, therefore, is not liable to a defaulting purchaser who has violated the contract by declining to fulfill its stipulations. "No rule in respect to the contract (for the sale of real estate) is better settled," says NELSON, J., in Hansbrough v. Peck, 72 U. S. 497, 506, "than this: that the party who has advanced money, or done an

act in part performance of the agreement, and then stopped short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done."

It is true that a vendor cannot rescind a contract and at the same time directly or indirectly enforce it. If by his action he fails to keep its stipulations, a rescission as to him follows and he is liable to the purchaser for the resultant injury. His breach of the agreement is as effective to prevent him from enforcing any right under it as the default of the purchaser is to deprive him of the benefit of its stipulations. Neither party can enforce the agreement while he is in default. The vendee must tender the unpaid purchase money, as a general thing, whether he wishes to rescind or to enforce the agreement; this results from the principle that a party himself in default, has no right to insist on rescission while in default: Irvin v. Bleakley, 67 Pa. 24.

The plaintiff contends that the defendant, the vendor, by reselling the property rescinded the contract, and that ex æquo et bono he is entitled to have refunded the part of the purchase money which was paid on the agreement. It is upon this ground that he claims that an action for money had and received will lie. It may be conceded that if the defendant rescinded the agreement expressly or impliedly he can derive no benefit directly or indirectly from it and should place the plaintiff in statu quo by returning the purchase money received from him. But the averment of the affidavit of defense, which for present purposes must be regarded as verity, is that the defendant complied fully with the agreement, tendered a deed at the time stipulated, conveying a good and marketable title clear of incumbrances and easements and without restrictions, and that the plaintiff "without good reason or legal excuse positively declined and refused to take the said title or to pay the balance of the purchase money reserved and

stipulated in the said agreement." The affidavit further avers that the defendant did not sell the property "until after the plaintiff had, without good cause or lawful excuse, himself violated his said agreement and had positively refused to take title to the said property or to pay the purchase money therefor." The exact date of the second sale does not appear, but the default was made by the purchaser on March 2, 1910, and this suit was not brought until May 16 of the same year.

The plaintiff was never in possession of the property, and refused to pay the purchase money and take possession. He renounced the contract and positively declined to proceed further under it. Could the defendant under the circumstances at any time sell the property without being liable to the plaintiff for the purchase money paid by him? Must he forever continue to hold the property to await the offer and convenience of the purchaser, giving the latter an opportunity to complete the purchase if the property advanced in price or refuse it if its value diminished; and in the meantime subject the vendor to the risk of a loss possibly imperiling his financial standing? The law imposes no such unreasonable requirement on a party who has in good faith kept and offered to perform the stipulations of his contract. He has done his duty, and the defaulting party is not in a position to make demands of him which might subject him to financial losses. Under such circumstances, the vendor has the right to accept as final the positive refusal of the purchaser to complete the sale and take the property. This is a rescission of the contract which under no principle of law or equity can be invoked in behalf or in aid of the party at fault. How long the vendor held the property after the breach of the contract by the purchaser does not appear, but so far as this record discloses the latter has made no offer at any time to complete the sale. Had the purchaser reconsidered his refusal to pay the purchase money and offered to pay it to the vendor before the resale of the property, we would have another and different question to consider. Pos-

sibly the facts might then raise an equity in his favor which the court would enforce. But we are not dealing with such facts in this case. Here, the purchaser has at all times persistently refused to comply with his agreement, and now demands that the vendor continue to hold the property indefinitely or repay him the purchase money which his contract required him to pay and which he did pay to the vendor. If the vendor still had the property the purchaser could not demand a conveyance to him without first tendering the balance of the money due by the contract: Boyd v. McCullough, 137 Pa. 7. Is it reasonable or just that without such tender after a positive refusal to pay and accept a deed at the date provided in the agreement, the vendor should be compelled to hold the property or be penalized for selling it at the demand of the other party who himself has violated the contract? This action is based on an implied contract to refund the money. The implication must arise from equitable considerations. Such action can be maintained if the vendor rescinds the agreement. He has no right in equity to refuse to carry out his part of the contract and at the same time require performance by the other party or retain what has been paid him under the terms of the contract. If he has received the purchase money, equity will compel him to refund if he declines to convey the premises. Here, however, the vendor did not rescind the agreement or refuse to convey the property, but tendered a deed and insisted upon the purchaser accepting the title which he has positively and at all times declined. The facts here, therefore, do not raise an equity in favor of the purchaser which will support an action.

The cases decided by this court and cited by the appellant do not conflict with the rule here announced. The action in those cases was sustained on the ground that there had been a rescission of the contract by the vendor or a mutual rescission by both parties, and that under the facts the purchaser was entitled ex æquo et bono to recover back the purchase money. In other jurisdictions, a

recovery has not been permitted under facts similar to those in this case: Frederick v. Birkett, 37 Kans. 536; Wheeler v. Mather, 56 Ill. 241; Downey v. Riggs, 102 Ia. 88; Lawrence v. Miller, 86 N. Y. 131; Sims v. Hutchins (Miss.), 47 Am. Dec. 90; McKinney v. Harvie, 38 Minn. 18 (8 Am. St. 640); Steinbach v. Pettingill, 67 N. J. L. 36; Glock v. Howard and Wilson Colony Co., 123 Cal. 1 (69 Am. St. 17); Rounds v. Baxter, 4 Me. 454; Ketchum v. Evertson (N. Y.), 7 Am. Dec. 384. The language used in the opinion in the last case is especially applicable to the facts of the present case. It is there said, inter alia (p. 387): "It would be an alarming doctrine to hold, that the plaintiffs might violate the contract; and, because they chose to do so, make their own infraction of the agreement the basis of an action for money had and received. Every man who makes a bad bargain, and has advanced money upon it, would have the same right to recover it back that the plaintiffs have. The defendant's subsequent sale of the land does not alter the case; the plaintiffs had not only abandoned the possession, but expressly refused to proceed, and renounced the contract. To say that the subsequent sale of the land gives a right to the plaintiffs to recover back the money paid on the contract, would, in effect, be saying that the defendant could never sell it without subjecting himself to an action by the plaintiffs. Why should he not sell? The plaintiffs renounced the contract, and peremptorily refused to fulfill it; it was in vain, therefore, to keep the land for them. The plaintiffs cannot, by their own wrongful act, impose upon the defendant the necessity of retaining property which his exigencies may require him to sell. This would be most unreasonable and unjust, and is not sanctioned by any principle of law."

The order discharging the rule for judgment is affirmed.