Wasserman, Appellant, *v.* Steinman et ux.

Argued April 22, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART and MAXEY, JJ.

*J. Verner Harold,* with him *Walter D. Stewart,* for appellant.—Where one of the parties to an agreement for the exchange of real estate definitely elects to stand on and enforce the agreement by notice given to the other party to the exchange he becomes obligated to place that other party in statu quo ante, in the event of his disposal of a portion of the property without tender of performance: Bentz v. Barclay, 294 Pa. 300; Anstead v. Cook, 291 Pa. 335; Producers Coke Co. v. Hoover, 268 Pa. 104; Wolf v. La Roche Bro., 71 Pa. Superior Ct. 201; Irvin v. Bleakley, 67 Pa. 25; Riddle Co. v. Taubel, 277 Pa. 96; Hopp v. Bergdoll, 285 Pa. 112; Wolson v. Freihofer, 84 Pa. Superior Ct. 561.

What is a reasonable time in which to comply, where the facts are undisputed, is for the court; otherwise, or where the court is in doubt, the question is for the jury: Zeller v. Haupt, 41 Pa. Superior Ct. 647, 651; Leaming v. Wise, 73 Pa. 173, 176; Markley v. Godfrey, 254 Pa. 99, 106; Swan v. Ins. Co., 96 Pa. 37; Paterson v. Graham, 164 Pa. 234; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478.

*Morris M. Wexler,* of *Levick & Wexler,* for appellees. —Plaintiff's amended statement of claim contains no

averments, essential to maintain a right of action, that he performed, or was ready, willing and offered to perform at the time required for settlement, or that the conditions and provisions prerequisite to an extension in the time of performance were complied with or waived and that he thereafter performed or was ready and willing and offered to perform, or that defendants were unable to perform at the time required.

Time being of the essence of the contract, and plaintiff having defaulted in performance at the time required, plaintiff's deposit was ipso facto forfeited as liquidated damages in accordance with the terms of the contract: Doughty v. Cooney, 266 Pa. 337; Mansfield v. Redding, 269 Pa. 357; Vito v. Birkel, 209 Pa. 206.

Plaintiff acquired no new contractual rights after his default by virtue of the alleged letter from defendants' attorney to the effect that plaintiff would be held liable for his default: Holt v. McWilliams, 21 Pa. Superior Ct. 137; Watkins v. Neff, 288 Pa. 316.

Plaintiff having defaulted, defendants could dispose of the real estate to another purchaser, and plaintiff cannot make his own breach the basis of a right to recover his deposit: Dluge v. Whiteson, 292 Pa. 334; Sanders v. Brock, 230 Pa. 609.

OPINION BY MR. JUSTICE WALLING, May 14, 1931:

On December 13, 1928, the defendants, Benjamin Steinman and wife and Morris Lesse and wife, executed an agreement as parties of the first part with the plaintiff, Edward Wasserman, as party of the second part, to sell and convey to him a certain piece of land situate on the northwest corner of Forty-seventh and Walnut Streets, Philadelphia, having a frontage of two hundred and fifty feet on Walnut Street and depth of one hundred and fifteen feet, for the price of $175,000; to be paid $5,000 presently by designated checks called deposits, $100,000 by the assumption of a first mortgage of that amount on the premises, $45,000 in cash at the time

of settlement and the balance ($25,000) by the convey-
ance of certain described encumbered real estate located
in Philadelphia. The agreement stipulated, inter alia,
as follows: "Settlement is to be within ninety days from
the date hereof, said time to be the essence of this agree-
ment, unless extended by mutual consent in writing en-
dorsed hereon. The said party of the second part shall
have the privilege if he so desires to one extension of the
time for settlement under this agreement for an addi-
tional thirty days upon payment of $500.00; and of a
second extension of thirty days upon payment of $500.00,
which payments are in lieu of adjusting the carrying
charges on the property at 47th & Walnut Streets as
of the date of original expiration of this agreement";
with a further provision, referring to the $5,000 de-
posits: "which deposits shall be forfeited to the said
parties of the first part as liquidating damages in case
of the default by the said party of the second part in the
performance of the terms of this agreement." Plaintiff's
amended statement avers that one extension was granted
the party of the second part for which he paid $500, and
that this was for an oral extension, but makes no aver-
ment as to the length thereof, so we must consider it as
the first thirty-day extension authorized in the agree-
ment. So doing, the time for settlement expired April
13, 1929. The party of the second part paid nothing
more and took no further action toward carrying out the
agreement. On April 20, 1929, being seven days after
the extended time for settlement had expired, the attor-
ney for the parties of the first part (defendants herein)
wrote the present plaintiff (being the party of the sec-
ond part in the agreement) as follows: "I have been
retained to represent Benjamin Steinman, Edith Stein-
man, Morris Lessee and Edith Lessee in the matter of
your failure to make settlement for the premises situate
at the N. W. Cor. 47th & Walnut Street. You are here-
by advised that we shall hold you liable for the full bal-
ance of the purchase money and for the full performance

of your agreement entered into December 13, 1928. Please refer us at once to your attorney authorized to accept service of a writ in your behalf." No action, however, was taken by them to enforce the contract. Fifteen months thereafter (July 21, 1930) Wasserman brought this action of assumpsit for the $5,500 deposits, his amended statement of claim averring, inter alia, that the settlement day had been extended from time to time by mutual oral consent, that the contract was still in force and that defendants had rendered it impossible for them to carry it out by sale to others of the property at Forty-seventh and Walnut Streets. Although the plaintiff filed an amended statement, it contains no averment of the times or circumstances under which the alleged oral extensions of the time for settlement were made, or when or to whom the defendants had sold the property in question. Regardless of these generalities, the statement contains no averment of a waiver of the requirement of written extension endorsed upon the agreement and states no facts tending to show a waiver. The defendants filed an affidavit of defense raising legal questions only, thereupon the trial court entered judgment for the defendants and plaintiff has appealed.

The judgment was rightly entered. Plaintiff was clearly in default as he permitted the ninety days named in the agreement and the thirty-day extension to expire without paying or tendering the $45,000 or taking any step in the direction of performance on his part, although time was expressly made the essence of the contract. By so doing he forfeited the deposits as liquidating damages, for the agreement so provides. Had plaintiff brought this suit at the expiration of the thirty-day extension his case would have been hopeless and is none the less so because he waited fifteen months. A contract is not rendered indefinite as to time of performance because of an extension made in accordance with its express provisions. Where time of settlement is made the essence of the contract for sale of real estate, it still

remains the essence of the contract, although a definite extension of time has been granted: Mansfield v. Redding et al., 269 Pa. 357. The case does not fall within the rule stated in Hopp v. Bergdoll, 285 Pa. 112, for there both parties had treated the contract as in force after the time limit had expired. The indefinite averment as to further extensions cannot avail, being, if made, without consideration as the $500 was, under the written agreement, for the thirty-day extension, to defray the carrying charge of the $100,000 mortgage at six per cent. Furthermore, to preclude the claim of a verbal extension, the agreement provides that such extension must be in writing endorsed thereon. Assuming that even in case of a contract for sale of real estate, this stipulation could be waived by parol, there is, as above stated, no allegation of a waiver. "Where plaintiff claims that performance has been waived, he should allege such waiver, setting forth the conditions which were waived and the facts and circumstances constituting such waiver": 49 C. J. 146.

The threat of the defendants to bring suit for the enforcement of the agreement, made one week after the time for settlement had expired, did not change the legal rights of the parties. It did indicate that even at that time the defendants assumed plaintiff was in default and tended to discredit the averment that the date of settlement had been extended by mutual understanding. Even had defendants brought suit as threatened they could have discontinued it and sought another remedy: Watkins v. Neff et al., 288 Pa. 314; Holt v. McWilliams, 21 Pa. Superior Ct. 137. Plaintiff, having defaulted in the performance of his part of the contract, could not thereafter compel the defendants either to perform on their part or to return the deposits. Moreover, there is no averment of his readiness to perform at any time.

Plaintiff having lost all rights under the contract by his failure to perform or offer to perform within the

stipulated time, the defendants, as sole owners of the property, did him no wrong by the sale thereof to another. Defendants were under no obligations to hold the property indefinitely, at great expense and possible loss because plaintiff had at one time held an agreement for its purchase. In Sanders v. Brock, 230 Pa. 609, Mr. Justice MESTREZAT, speaking for the court says, inter alia, (page 616) : "Must he [the vendor] forever continue to hold the property to await the offer and convenience of the purchaser, giving the latter an opportunity to complete the purchase if the property advanced in price or refuse it if its value diminished; and in the meantime subject the vendor to the risk of a loss possibly imperiling his financial standing? The law imposes no such unreasonable requirement on a party who has in good faith kept and offered to perform the stipulations of his contract. He has done his duty, and the defaulting party is not in a position to make demands of him which might subject him to financial losses. Under such circumstances, the vendor has the right to accept as final the positive refusal of the purchaser to complete .the sale and take the property." See also Dluge et al. v. Whiteson, 292 Pa. 334; Shelanski v. Farrell, 57 Pa. Superior Ct. 137. The sale of the property to another would of course preclude the defendants from asking plaintiff to fulfill the contract, but he had theretofore forfeited the deposits by his default. See Watkins v. Neff et al., supra; Mansfield v. Redding et al., supra; Vito v. Birkel, 209 Pa. 206; Axford v. Thomas et al., 160 Pa. 8.

The agreement expressly designates the proposed transaction as a sale of the property by defendants to plaintiff and the agreed transfer of real estate from plaintiff to defendants as part payment therefor cannot be considered as on the basis of an exchange of properties.

We concur in the conclusion of the trial court that: "There is no question of a waiver presented in the case

before the court. The case is a plain and simple one. When the time came for the performance of the agreement between the parties under which the plaintiff was required to pay the balance of $45,000 in cash, he did nothing then or thereafter. The plaintiff having defaulted, the defendants sold their property to another. In these circumstances, the plaintiff has no right to recover his original deposit." The authorities cited for appellant are not applicable to the instant case.