FREDERICK N. GUILD *vs.* UNITED ENGINEERS & CONSTRUCTORS, INC. *et al.*

FEBRUARY 10, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Capotosto, Condon and O'Connell, JJ.

O'CONNELL, J. This is an original petition for compensation under the workmen's compensation act, general laws 1938, chapter 300. It is before us on the employee's appeal from a final decree of the superior court granting compensation as set forth therein.

The findings of fact in the decree include the following: "That said injuries were bilateral inguinal hernia, back injury, and injury to right shoulder. * * * That the peti-

tioner should submit to an operation for his bilateral hernia and that such an operation will not unduly endanger his life or well-being, will not subject him to ordinary risk or pain or discomfort and has a good chance of complete success."

The decree ordered *inter alia*: "That if the employer will provide petitioner should immediately submit to surgery to remedy his bilateral inguinal hernia; and until his hospitalization should be paid compensation in the amount of $18.00 per week." It further ordered: "If the petitioner refuses surgical treatment to remedy his bilateral inguinal hernia all compensation shall terminate."

In support of his appeal petitioner has briefed and argued only two reasons of appeal, namely: (1) That the trial justice was in error in ordering petitioner to submit to an immediate surgical operation for his bilateral inguinal hernia; and (2) that it was error for the trial justice to order the compensation payments terminated if petitioner would not submit to surgery for such hernia. All other reasons of appeal, being neither briefed nor argued, are deemed to be waived.

The record shows that at the time of the hearing in the superior court the petitioner was forty-seven years old; that he was five feet eight inches tall and weighed 220 pounds; and that when he received his injury he weighed 255 pounds. All the doctors who testified, including petitioner's own physician, agreed that an operation for the bilateral hernia was the only way in which petitioner could be restored to his former capacity for work and that such operation was not particularly dangerous to life or limb. They differed only as to the time when the operation should be performed.

Doctors Edmund T. Hackman and William V. Hindle expressed the opinion that the operation should be deferred until petitioner had lost considerable weight. This opinion was concurred in by Dr. David Freedman, an impartial

examiner appointed by the court, who stated that he thought the certainty of beneficial result would be better if petitioner lost forty to fifty pounds. On the other hand Dr. Edmund B. Curran, who testified that he had performed 286 hernia operations in 1953, expressed the opinion that obesity or overweight does not have any effect on the success or failure of the operation or ultimate recovery of the patient, and that such operation would restore petitioner to whatever working capacity he had before he developed the hernia.

In view of such testimony we are of the opinion that the trial justice had legal evidence before him to support his conclusion that the petitioner should submit to an operation to repair his herniae. However, in view of all the existing circumstances and in the exercise of our supervisory power, we are of the opinion that the decree appealed from should be modified so as to provide that petitioner submit to such operation, to be paid for by the employer, within two months from and after the entry of our decision filed February 1, 1956; and further that, in case the petitioner refuses to submit to the operation within that period, the compensation provided by the decree shall be suspended rather than terminated.

The petitioner's appeal is denied, the decree appealed from is modified as above stated, otherwise it is affirmed; and on March 5, 1956 the parties may present to this court for approval a form of decree in accordance with this opinion for entry in the superior court, and thereupon the cause is ordered transmitted to the workmen's compensation commission for further proceedings.

BAKER, J., did not participate in the decision.

*A. Norman LaSalle, John L. McElroy,* for petitioner.

*Charles H. Anderson,* for respondent.