## Bartram v. Parrish

*Zimmerman & Going*, for plaintiffs.
*Xakellis, Perezous & Mongiovi*, for defendants.

BROWN, *J.*, October 4, 1974—This case involves a suit in equity brought by Nial C. Bartram and Beatrice K. Bartram, husband and wife (hereinafter referred to as "Bartram" or "vendees"), against Richard V. Parrish and Ann E. Parrish, husband and wife (hereinafter referred to as "Parrish" or "vendors"), seeking the return to them of a judgment note given to the Parrishes as the down payment in the purchase of a home, being premises 16 Debra Lane, East Lampeter Township, Lancaster County, Pa.

The pleadings consist of a complaint in equity, an answer and counterclaim, a reply and a counter-reply. While the vendees are seeking the return of the down payment judgment note, the vendors are

seeking judgment in the amount of the down payment along with interest thereon.

On January 31, 1972, vendees and vendors entered into an agreement for the sale of a home. The purchase price was listed as $44,000; the down payment was in the form of a judgment note drawn by the vendees in the amount of $4,400. The contract contains a provision in paragraph 1(a) thereof that the down payment "may be retained by seller either as liquidated damages or on account of the purchase price, as seller may elect, in the event of any default by Buyer hereunder."

In addition, the contract contains the provision that "This sale is subject to the Buyers securing a conventional mortgage in the amount of $30,800.00 at an interest rate of 7½% or the prevailing interest rate at time of settlement for a period of 25 years, monthly payments to be approximately $227.62 including principal and interest only. Should approval of this loan be unobtainable by the Buyers, sellers or agent within 15 days from the above date this agreement shall become null and void and the agent is hereby authorized to return the Buyer's deposit in full."

The vendees claim that they had a right not to buy under the agreement because (1) the vendees were not able to obtain the mortgage called for under the agreement, and (2) because the vendees claim they were told that the property in question had public sewer but the property actually had only public water and the sewers, although installed in the streets, was not connected to the property as yet.

The vendors, however, claim that the vendees breached the agreement of sale because they waived the condition of securing a $30,800 mortgage and that the vendees were advised and

knew that the sewer had been installed in the streets but was not yet installed in the house.

The vendors' reason for selling their home was to enable them to move to the Virgin Islands and the vendees were made aware from the start that time was important to vendors, since they had to be in the Virgin Islands by June 15, 1972, and they needed all available cash in order to buy a home there.

Since the vendees refused to purchase under the agreement, the vendors sold the subject realty on October 6, 1972, some 113 days later than under the agreement of sale, and the vendors elected to retain the vendees down payment of the $4,400 down payment judgment note as liquidated damages.

## FINDINGS OF FACT

1. On January 31, 1972, the parties hereto entered into a valid agreement for the sale of premises 16 Debra Lane, East Lampeter Township, Lancaster County, Pa., from vendors to vendees.

2. That said agreement provided that the down payment of vendees to vendors, being a judgment note of $4,400 (ten percent of purchase price) may be retained by vendors either as liquidated damages or on account of the purchase price as vendors may elect in the event of a default by vendees hereunder.

3. That vendees did not comply with the clause providing for an application for mortgage as described in paragraph 3 of the agreement of sale within 15 days of January 31, 1972, the date of the agreement.

4. That application by vendees for a mortgage in a lesser amount than provided for in agreement of

sale at the Lititz Bank was not a compliance with the agreement of January 31, 1972.

5. That the late application for a mortgage of $30,800 at the First Federal Savings and Loan Association on March 1, 1972, was not in compliance with the terms of the sales agreement.

6. That the supplemental agreement of April 26, 1972 (C.P. 11) is not a binding agreement as it was not signed by the vendees nor ratified by them.

7. That vendees on January 31, 1972, had actual and constructive notice that the sewer lines had not been installed in premises 16 Debra Lane, East Lampeter Township, Lancaster County, Pa.

## DISCUSSION

The vendees claim that they had a right not to purchase under the agreement because the vendees were not able to obtain the mortgage called for in the agreement of sale. The record is crystal clear, however, that the vendees purposely never applied for the amount called for under the agreement but instead applied for a mortgage in the amount of $22,000, which is less than the amount called for under the agreement and obtained a firm commitment for the mortgage well within 15 days as required under the agreement of sale, at a rate of interest of seven percent, which is one-half percent less than that required under the agreement. On this point, Nial C. Bartram, one of the vendees, testified that he applied for a mortgage of $22,000 ". . . primarily because I was interested in the lowest interest rate that I could get . . .," and "I thought I would have enough." In fact, vendees defaulted under the agreement first and then as an afterthought applied with the First Federal Savings and Loan Association for the financing required under

the agreement of January 31, 1972, on May 1, 1972, long beyond the 15-day period.

In addition, vendees allowed the vendors to understand the financing condition in the agreement had been met by allowing time to pass over the 15-day period required in the agreement in silence, and in March of 1972 the vendees stored six boxes of Christmas items on the property, later storing therein six or eight 4' × 8' styrofoam panels and, in April of 1972, planting a lilac bush on the property.

It is determined that the vendees have waived the requirement of financing in the agreement by their conduct. A condition may be waived by the conduct of the parties to the contract (see Moore v. Carter, 146 Pa. 492 (1892) (building contract); Moyer v. Diehl, 139 Pa. Superior Ct. 59 (1940), Shapiro v. Royal Indem. Co., 129 F. Supp. 54, affirmed 224 F. 2d 89 (1955); U. S. to Use of Viglione v. Klefstad Engineering Co. 324 F. Supp. 972 (1971)), and a condition is considered waived when its enforcement would result in something approaching fraud. See Universal Builders, Inc. v. Moon Motor Lodge, Inc., 430 Pa. 550, 244 A. 2d 10 (1968).

It is further determined the vendees must, in law and in equity, be estopped from claiming the unfulfilled condition of financing required in the agreement of sale as it was his own conduct in applying for less money that misled the vendors. A condition in a contract may be eliminated by a waiver or estoppel. When a condition attached to a promise is waived, the promissor's duty may be unconditional. See 3A Corbin on Contracts §§752, et seq.

The vendees claim secondly that the subject property had been represented as having public sewer, but, in fact, the property actually had the sewers installed but not yet connected, and, as a

consequence, the vendees claim that no breach occurred in not purchasing the property. The court determines that this claim of the vendees is not correct. There is ample direct and positive testimony in the record from the vendors and the realtor that the vendees were told that the sewers had been installed in the street but were not yet connected. In fact, the street in the development had evidence of present construction and that construction equipment was on the yard of the property. The vendees, in fact, asked the vendors about front-foot assessment for sewer and were told that there was no assessment and were shown where the connection for the sewer would be made at an expense of about $75. While there was testimony by a plumber for the vendees, who only saw the property on the day of the hearing, that the cost of laying the sewer line could be as much as $600, the court determines that the sewer line here was not over 15 to 20 feet long in order to effect a connection and that the cost thereof would not have exceeded $115. Actually, Nial C. Bartram, one of the vendees, admitted in redirect examination that he was told that the sewers were not yet connected. What the vendees complain of is that the cost of digging from the sewer lateral to the house would cost more than approximately $600 rather than the $75 that he was told. This is not borne out by the record.

Although the vendors submitted in evidence that they had a loss of $834 from the sale of the property to others as opposed to having sold it to the vendees, the vendors, according to law, are entitled to receive the liquidated damages of $4,400 along with interest rather than the $834, since the $4,400 is neither unconscionable nor disproportionate. See Laughlin et al. v. Baltelden, Inc., 191 Pa. Superior

Ct. 611, 617-19 (1960), holding less than nine percent not unconscionable. Kraft v. Michael, 166 Pa. Superior Ct. 57 (1950), holding ten percent not unconscionable; Ellis v. Roberts, 98 Pa. Superior Ct. 49 (1930), holding 15 percent unconscionable. In the instant matter, $4,400 down payment is ten percent of the purchase price.

The court decides that this case is governed by Kaufman Hotel & Restaurant Co. v. Thomas, 411 Pa. 87 (1963). In that case, plaintiff was a vendee who sought to recover payments it had made under an installment purchase agreement of realty, after the vendor had foreclosed the vendee's right of possession. The court there held that a vendee in default cannot recover back from his vendor not in default any money paid on the contract even though as a result of the breach the vendor has abandoned all idea of further performance and retains the money not for application on the purchase but as forfeit, even if this amounts to a wind-fall or so-called unjust enrichment. See page 92 Kaufman, supra.

## CONCLUSIONS OF LAW

1. The court has jurisdiction in this matter.

2. The vendees have not established their right to recover the return of the down payment note of $4,400.

3. There was no fraud or misrepresentation perpetrated by the vendors on the vendees with reference to the sewer lines not being fully installed at the time of agreement of sale of January 31, 1972.

4. The failure of vendees to seek and obtain either approval or rejection of a loan of $30,800 within 15 days from January 31, 1972, or a reasonable time thereafter, constitutes a breach of con-

tract on their part which was not cured by obtaining a rejection of their loan on May 4, 1972.

5. The approval of a loan of $22,000 by the Farmers First National Bank, Lititz, on February 7, 1972, was not a compliance with the terms of the agreement of January 31, 1972.

## DECREE NISI

And now, October 4, 1974, it is ordered, adjudged and decreed that:

1. Equity has jurisdiction in this matter.

2. The chancellor having found as a fact that Nial C. Bartram and Beatrice K. Bartram, husband and wife, have breached the agreement of January 31, 1972, in that they failed to apply for a mortgage of $30,800 within the prescribed time and in the prescribed manner and, having further found that the said Nial C. Bartram and Beatrice K. Bartram had actual or constructive notice that the sewer line was not laid and completed and connected to premises 16 Debra Lane, East Lampeter Township, Lancaster County, Pa., enters judgment in favor of Richard V. Parrish and Ann E. Parrish, husband and wife, and against Nial C. Bartram and Beatrice K. Bartram, husband and wife, in the sum of $4,400, with interest thereon from June 15, 1972.

3. The said judgment referred to in paragraph 2 herein shall be in lieu of the judgment note of Nial C. Bartram and Beatrice K. Bartram to the order of Richard V. Parrish and Ann E. Parrish in the sum of $4,400.

4. The costs of this proceeding shall be paid by plaintiffs, Nial C. Bartram and Beatric K. Bartram, husband and wife.

5. The prothonotary shall serve copies of this decree nisi on all parties in interest and counsel of

record, and unless exceptions are filed within 20 days after such notice, this decree shall be entered as of course by the prothonotary as a final decree and the decree shall be recorded in the Prothonotary's Office of Lancaster County as required by law.