## Cashman v. Sheaffer

*Michael R. Rundle,* for plaintiff.
*John M. Eakin,* for defendants.

BAYLEY, *J.,* January 20, 1984 — Defendants Maynard L. Sheaffer and Harold Rudy owned 57.7 acres of unimproved land in Hampden Township. In a written agreement of sale dated August 17, 1977, defendants agreed to sell this land to plaintiff, George H. Cashman. The contract price was

$300,000, with annual payments, in part, of $25,000. Cashman avers that he has made the following payments of principal, interest and taxes:

$25,000 when the parties signed the agreement of sale on August 17, 1977;

$33,250 on or about August 16, 1978;

$32,500 on or about August 10, 1979.

The principal balance of $225,000, including real estate taxes and interest payments remained unpaid when in mid 1980 Cashman fell in arrears on his annual payments required under the agreement. After a period of negotiations between the parties, Sheaffer and Rudy declared the agreement of sale null and void. A written notice of default was sent to Cashman and recorded in the Office of the Recorder of Deeds of Cumberland County on September 12, 1980. This action was taken by Sheaffer and Rudy pursuant to Paragraph 8 of the agreement of sale which provided:

8. Default by the purchaser in making any payment when due to sellers under this agreement shall render this agreement null and void at the option of the sellers. Upon such default, sellers shall be the sole owners of any land not conveyed by deed, along with any improvements which may have been made on such land by the purchaser. Upon any such default the sellers may accomplish the voiding of this agreement by giving written notice of their intention to do so to the purchaser any time after such default, and by recording an affidavit of the said default and desire to void this agreement in the Office of the Recorder of Deeds in Cumberland County, Pennsylvania.

On December 31, 1980, Cashman filed a suit in this court seeking declaratory relief that he was not in default (4886 Civil Term 1980). Sheaffer and Rudy filed a preliminary objection in the form of a

demurrer to Cashman's declaratory judgment action which the court overruled on April 7, 1981. On April 10, 1981, Cashman filed a complaint in equity seeking specific performance of the agreement of sale (19 Equity 1981). These actions were consolidated for trial before the Honorable George E. Hoffer. Trial was held and on January 4, 1983, Judge Hoffer entered the following order:

That plaintiff was in default of the agreement of sale. Plaintiff's request for specific performance is denied. This opinion and decree nisi shall not limit either party's right to bring any further actions in regard to damages.

When no exceptions were filed to the decree nisi, the order was entered as a final decree on January 25, 1983. No appeal followed.

Cashman then commenced this action seeking the return of $70,190.92.[1] Sheaffer and Rudy have moved for a summary judgment on two theories: that the trial of the consolidated declaratory judgment and equity action bars this action pursuant to the doctrine of res judicata, and that there is no issue of liability to be determined in this action.

## RES JUDICATA

For the doctrine of res judicata to apply, there must be a concurrence of four conditions: (1) Identity in the thing sued upon or for; (2) Identity of the cause of action; (3) Identity of persons and parties to the action; and (4) Identity of the quality or capacity of the parties suing or sued. Stevenson v. Silverman, 417 Pa. 187, 208 A.2d 786 (1965).

---

1. The amount he claims was paid to defendants as principal plus his cost of surveying and engineering less consideration for four lots conveyed to the plaintiff, a pro-rata share of real estate taxes for 1980 and accrued interest.

Cashman maintains that he is not barred from pursuing his claim because the cause of action on the consolidated declaratory judgment and equity cases was different than in this case. He claims, correctly, that the identity of the thing being sued for in the prior actions was a judicial determination of whether or not he was in default of the terms of the agreement of sale. The relief he requested was for specific performance of the agreement of sale. This relief was denied when it was judicially determined that he was in default under the terms of the agreement.

This suit is not barred under the doctrine of res judicata because it constitutes a different cause of action. The thing being sued for in this case is a return of payments less any loss that was caused by the plaintiff's own breach. The relief sought in the prior actions was for specific performance based upon a claim that the plaintiff was not in default. In Thal v. Krawitz, et al., 365 Pa. 110, 73 A.2d 376 (1950), an action was brought in equity seeking specific performance. The chancellor found that since two required parties had not signed an agreement, it could not be enforced. The court noted in passing that the defendant had not misrepresented his authority as to the two parties. A second action was brought seeking damages for misrepresentation by defendant as to his authority. The second suit was not barred by the first, as the question of misrepresentation was not essential to first litigation once the chancellor found that the agreement was invalid.

Cashman's position is reinforced in that Judge Hoffer's decree in the prior actions specifically provided that his adjudication did not limit either party's right to bring any further actions in regard to damages.

Sheaffer and Rudy cite Stewart v. Tomis Development Co., ____ Pa. Super. ____, 461 A.2d 636 (1983), in support of their position, a reliance that is misplaced. In Stewart, the parties entered into an agreement of sale for land for the price of $250,000. $50,000 was paid in cash and the balance of $200,000 by a purchase money mortgage payable in 15 annual installments. Following a default in payments, the vendors took judgment against the vendees on the bond and issued an execution. The vendees' petition to open or strike the judgment claiming that the vendor had breached the agreement of sale and thereby rescinded the agreement by failing to release the property from the lien of the mortgage when he offered accelerated principal payments pursuant to what he claimed was provided for in the agreement. The vendee has previously instituted an action in equity requesting a recision of the agreement on the basis that the vendor had breached it by failing to release certain acreage from the lien of the mortgage upon an annual payment. The court in the second suit affirmed the lower court's dismissal of the action under the doctrine of res judicata. It held that the first suit was dependent upon the interpretation of the contractual terms and whether the parties had breached them, and the second suit raised the same claim; the breach of the agreement, i.e., the failure to release the property from the mortgage lien. Thus the vendees' position in the Stewart case was premised upon an allegation that the vendor breached the agreement of sale; the same allegation that was litigated and decided adversely to him in the prior equity action.

In the present case, Cashman has admitted his default; the issue that was decided adversely to him in the prior declaratory judgment and equity case.

He is now seeking a return of monies paid by him prior to his default. This is a separate and distinct cause of action under a claim that was not sued for in the prior actions and accordingly is not barred under the doctrine of res judicata.[2]

## LIABILITY

Sheaffer and Rudy claim that they have a right to forfeit the payments made to them under the agreement of sale because of Cashman's breach of that agreeement. They cite as authority Sanders v. Brock, 230 Pa. 609, 79 Atl. 772 (1911). However, Sanders and its progeny provide for the forfeiture of payments made prior to a breach under the specific forfeiture provisions set forth in the agreement of sale. See Wasserman v. Steinman, 304 Pa. 150,155 Atl. 302 (1931), and Kaufman Hotel & Restaurant Company v. Thomas, 411 Pa. 87, 190 A.2d 434 (1963).

Another line of cases has developed starting with Howard v. Stillwagon, 232 Pa. 625, 81 Atl. 807 (1911). In Howard an agreement of sale was entered into providing for deferred payments. The agreement further provided that upon default the vendor would have the option to treat the contract as null and void. There was no provision providing for the forfeiture of any monies previously paid prior to the vendees breach. The Supreme Court upheld the vendees right, even as a breaching party, to recover the money paid prior to the breach absent a

---

2. Nor would the doctrine of collateral estoppel apply since the issue of damages was not actually litigated and determined in the prior suits. Lawlor v. National Screen Service Corp., 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

forfeiture clause allowing for the retention of those funds upon a breach.

If a party intends that payments made prior to a breach be forfeited upon a breach he should see to it that the contract so provides since forfeitures are not the favorite of the law. Artzerounian et al. v. Demetriades, 276 Pa. 303, 120 A.2d 142 (1923). Even if a contract has a forfeiture clause it must bear a reasonable relationship to the harm caused by the breach. In Kraft v. Michael 166 Pa. Super. 57 70 A.2d 424 (1950), the Superior Court cited with approval the Restatement of the Law, Contracts, §339 which provided:

Liquidated Damages and Penalties. (1) An agreement, made in advance of breach, fixing the damage therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless (a) the amount so fixed is a reasonable forecast of just compensation for the harm caused by the breach, and (b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.[3]

Accordingly, if a contract contains no forfeiture clause, the vendee's breach does not confer a contractual right upon the vendor to forfeit payments made prior to that breach. This is consistent with the view set forth in the Restatement of Law, (second), Contracts §374(1), which provides:

If a party justifiably refuses to perform on the ground that his remaining duties of performance

---

3. Redrafted as Restatement of The Law, Contracts 2d, §356. (1) Damages for breach by either party may be liquidated in the agreement but only at an amount that is reasonble in the light of the anticipated or actual loss caused by the breach and the difficulties of proof of loss. A term fixing unreasonably large liquidated damages is unenforceable on grounds of public policy as a penalty.

have been discharged by the other party's breach, the party in breach is entitled to restitution for any benefit that he has conferred by way of part performance or reliance in excess of the loss that he has caused by his own breach.

In the present case, the agreement of sale contains no forfeiture clause or other indication that any of the payments constituted "earnest money." Accordingly, defendants' motion for a summary judgment must be denied.

## ORDER OF COURT

And now, this January 20, 1984, defendants' motion for summary judgment is denied.