## Ditzler v. Kinsell

*Thomas G. Wagner,* for plaintiff.
*John B. Leete,* for defendant.

FINK, *P.J.*, June 12, 1984—On March 31, 1984, plaintiff-vendee and defendants-vendors entered into a land contract for the purchase and sale of a

certain campground situate in Potter County known as Deer Lick Campground. The land contract called for a downpayment in the amount of $25,000, a note for the sum of $20,000 payable by the vendee to the vendors carrying interest at the rate of 12 percent payable one year from date, and payments under the contract for the balance of $105,000 in the amount of $1,312.50 per quarter for 80 consecutive quarters, the total purchase price being $150,000.

On or about the month of July, 1982, plaintiff-vendee defaulted in the payments under the terms of the contract. At the time of default, plaintiff had paid to defendants the approximate sum of $48,811 principal and $18,909 interest under the terms of the contract. The terms of the land contract gave defendants-vendors three possible options upon default of the vendee and were as follows:

A. Confession of judgment for the entire unpaid balance and interest;

B. Confession of judgment in ejectment; and

C. Confession of judgment, both for the balance due and in ejectment for possession.

On or about July 25, 1983, defendants entered confession of judgment in ejectment thereby reclaiming the possession of the Deer Lick Campground. Thereafter, on August 18, 1983, plaintiff commenced an action in assumpsit to recover the principal plaintiff, indeed, paid to the vendors pursuant to the contract, viz., $48,811.25. Defendant thereafter filed a motion for judgment on the pleadings which is currently before the court.

It is plaintiff's theory that to allow defendants to regain possession of the premises which is the subject of the land contract as well as retain the principal payments made under the contract would be tantamount to treating the principal payments previously made as liquidated damages and, therefore,

the court ought to have the authority to determine whether or not the amount of "liquidated damages" is unconscionable or amounts to a penalty. Plaintiff points out that in the instant case the amount of principal payments made equal 32.5 percent of the total price. To allow this amount of money to be retained as liquidated damages would be unconscionable and amount to a forfeiture which is not favored in the law.

Counsel for plaintiff presents a hypothetical situation by querying, what would happen if plaintiff had paid $140,000 of the $150,000 principal payments called for under the contract prior to default. Would the law allow defendants to regain possession through a confession of judgment in ejectment and still retain the $140,000 principal payments due? Plaintiff further contends that when defendants chose the option to confess judgment in ejectment they, in effect, rescinded the contract. If the contract is rescinded, the parties therefore ought to be each put in the position they were prior to the contract which would, of course, mean that defendants would be compelled to return the principal monies paid but allowed to retain the interest paid.

Defendants rely completely on the case of Kaufman Hotel & Restaurant Company v. Thomas, 411 Pa. 87, 190 A.2d 434 (1963). Unfortunately, the Kaufman case seems to be dispositive of the issue before the court. This court uses the term "unfortunately" in that the equities do not lie with the vendor who is, in effect, allowed to have his cake and eat it too.

As we understand the rule of stare decisis, the lower court is duty-bound to follow the case law as propounded by a higher court. There is dicta in Kaufman to indicate that in order to preclude a vendee from compelling the return of partial pur-

chase price paid under contract where there is no default by the vendor, there must be a showing of a deliberate and intentional act in the vendee's breach. Mr. Justice O'Brien in Kaufman cites Sanders v. Brock, 230 Pa. 609, 79 Atl. 772 (1911), in stating:

"The settled rule in respect to contracts for the sale of real estate is that the party who has advanced the money, or done an act in part performance of the agreement, and then stopped short and *refuses to proceed* (underlineation supplied) to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done." He also cites Hornbook law, 32 P.L.E. 158 and Sum. Pa. Jur. Contracts, Section 498:

"Where the contract is entire and the default was wilful and deliberate. . . . ." Mr. Justice O'Brien further alluded to a New York case of Ketchum v. Evertson, 7 Am. Dec. 384, wherein it was stated:

"It would be an alarming doctrine, to hold, that the plaintiffs might violate the contract, and because they *chose* to do so, make their own infraction of the agreement the basis of an action for money had and received. . . . .".

We think the inference from the New York State case is clear, viz., that plaintiff-vendee in seeking to recover monies paid on a contract to purchase real estate should not be allowed to prevail if he could benefit from his breach by compelling the return of the partially paid purchase price. This would seem to be good law. This would seem to be the basis of the Sanders v. Brock decision and pronouncement in P.L.E., ibid. The problem in construing Kaufman comes in the bald statement made by Mr. Justice O'Brien speaking for the court:

"It seems hardly necessary to labor the point that the plaintiffs are not entitled to recover the monies they have paid under the terms of the contract unless there has been a breach upon the part of the Thomases to fulfill their part of the agreement or perform their contract according to its terms."

Immediately thereafter the court states:

"This opinion could very well stop here because as we have said, there is nothing in this complaint that sets forth a cause of action."

In other words, no allegation of breach by defendant-vendor — no cause of action stated by plaintiff-vendee. The verbiage concerning wilful and deliberate default all is set forth after the court has clearly stated, "This opinion could very well stop here. . .". It would, therefore, appear on the surface that the "wilful and deliberate" requirement is set forth as mere surplusage or dicta and really cannot overcome the failure of plaintiff-vendee to allege in her complaint a breach by defendants.

Plaintiff in the instant case argues that equitable principles should here apply as set forth in the discussion in Kaufman. We don't think that Kaufman necessarily states that equitable principles should apply under the facts in Kaufman or in the instant case. However, where there is a retention of monies paid under a contract together with a return to the vendor of the property which was the subject of the contract by writ of possession obtained through an amicable action in ejectment and, therefore, where the possibility of unjust enrichment retention amounting to forfeiture and basic injustice exists, the courts have not been reluctant to apply equitable principles in a legal action.

Mr. Justice O'Brien spent the last two printed pages following his single line pronouncement of legal principle to amplify the law in discussing the

breach of plaintiff-vendee as being wilful and deliberate and, therefore, precluding recovery in an ultimate action in assumpsit to recover partially paid purchase price. This court, therefore, is convinced that the bald statement that plaintiff-vendee cannot recover if he failed to allege a breach by defendant-vendor is conditioned upon a finding that plaintiff's breach was intentional and deliberate.

It cannot be determined from the state of the pleadings as to whether or not plaintiff's breach was wilful and deliberate and, to the contrary, at argument plaintiff asserts the fact that "Because of the recession, activity at the campground diminished over the next two years, and the receipts from the business dropped to the point where plaintiff was forced to use her children's social security survivor's benefits to keep in the Campground in operation." This factual assertion was presented in plaintiff's brief and was not under the oath of plaintiff and, therefore, cannot be considered as a proper factual assertion in considering defendant's motion for judgment on the pleadings.

It is true that judgment on the pleadings may be entered only in a clear case free from doubt, and it appears that absent a proper factual allegation which would assert that plaintiff's default was not wilful and deliberate, there is no doubt that defendant would be entitled to an entry of judgment on the pleadings. If, however, plaintiff can assert facts under her oath as set forth in plaintiff's brief whereby it could be concluded that plaintiff's default was not wilful or deliberate but due to fortuitous circumstances, defendant may not be entitled to a judgment on the pleadings. It is the belief of this court that plaintiff should be given an opportunity to amend her pleadings if she can under her oath and, thus, the following

## ORDER OF COURT

And now this June 12, 1984, defendant's motion for judgment on the pleadings is sustained and it is directed that judgment be entered against plaintiff and in favor of defendant accordingly unless plaintiff within 15 days of the date hereof shall file an amended complaint.